**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0526-24

DONNA COBIANCHI,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF
LABOR AND WORKFORCE
DEVELOPMENT and
FF DRYWALL, INC.,

     Respondents.

_____

Submitted November 18, 2025 – Decided December 3, 2025

Before Judges Chase and Augostini.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 00305882.

Donna Cobianchi, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Kendall J. Collins, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Donna Cobianchi appeals from a July 24, 2023 final agency decision of the Board of Review ("Board") that she had not filed a timely appeal challenging the denial of her claim for unemployment compensation benefits. We affirm.

In 2014, appellant began working as the office manager at respondent, FF Drywall Inc. In January 2022, appellant retired. However, after discussions with respondent's owner, Frank Fusaro, appellant agreed that she would help with a smooth transition by training a new hire who would assume her responsibilities. They also agreed that when the new hire was fully trained, appellant would work about one to two days a week.

That same month, appellant began receiving social security benefits. According to appellant, Fusaro understood the hours she planned to work were to be under a specific amount to ensure that she could still receive social security. In April 2022, after the new hire was trained, appellant received a text from Fusaro thanking her for her services and stating that she was no longer needed. Subsequently, appellant filed claim for unemployment benefits.

On July 25, 2022, a deputy of the Division of Unemployment and Disability Insurance mailed appellant a notice of determination

("determination") stating she was ineligible for benefits because she was unavailable for full time work since she was collecting social security retirement benefits. The notice stated that any appeal from the determination must be submitted in writing within seven days after delivery or within ten days after the date of mailing. The notice further indicated the tenth day after the mailing was August 4, 2022.

On August 6, 2022, appellant filed an appeal with the New Jersey Department of Labor and Workforce Development Unemployment Insurance Services informing them that she had not left her job voluntarily.

The Appeal Tribunal heard the appeal in July 2023. Appellant admitted to seeing the timeframe to file an appeal. Appellant was specifically asked if there were any circumstances that prevented her from filing her appeal prior to August 6. She responded that she "waited to hear to get the information about the claim" and that when she "got the information that it was declined, then [she] filed the appeal." Her appeal was dismissed on the grounds that it was filed subsequent to the expiration of the statutory period and good cause was not shown to extend the deadline.

A-0526-24

Appellant timely appealed the Tribunal's decision to the Board of Review. In July 2024, the Board affirmed the Tribunal's decision based on the untimeliness of the appeal and appellant's failure to show good cause.

Before us, appellant contends that she "was denied a fair and just consideration due to the inaccurate claim of [her] late appeal filing." We are not persuaded.

The scope of our review in an appeal from a final agency decision is limited. Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995). "We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dept. of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). Accordingly, "we will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dept. of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). "'[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the

A-0526-24

factfinder could reasonably so conclude upon the proofs.'" Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)).

N.J.S.A. 43:21-6(b)(1)[1] provides that an appeal must be filed within ten days of the mailing of a determination, or within seven days of the receipt of the determination. Late appeals may only be considered on the merits "if it is determined that the appeal was delayed for good cause." N.J.A.C. 12:20-4.1(h). There is good cause when it is shown that:

> (1) The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> (2) The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.
>
> [N.J.A.C. 12:20-4.1(h).]

Good cause can be challenging to show, as this court very rarely finds sufficient good cause to justify a late appeal. See generally Alfonso v. Board of Review, 89 N.J. 41 (1982) (dismissing a Spanish-speaking employee's appeal because even though the notification was in English, the employee was still past

---

[1] The time frame for appeals under N.J.S.A. 43:21-6 was amended November 2, 2022, to be effective July 31, 2023. L. 2022, c. 120. As this appeal predates the amendment, this opinion references the statute as it was at the applicable time.

the seven-day appeal period and due process did not require the notice to be in employee's language).

Appellant does not provide any genuine reason what information she needed or was waiting on to appeal the decision. In explaining her delay, appellant now asserts that she did not realize that weekends were included in this ten-day calculation. This is belied by the record. The Board mailed its determination dismissing her claim for unemployment benefits on July 25, 2022. The determination clearly stated that she had ten days to appeal the decision. It also explicitly stated the appeal must be filed by August 4, 2022. Thus, appellant was informed of the both the ten-day period and specific date that she had to appeal by under N.J.S.A. 43:21-6(b)(1).

We are satisfied the record supports the Board's determination that appellant failed to timely file an appeal of the deputy's determination under N.J.S.A. 43:21-6(b)(1) or establish good cause excusing that untimely appeal under N.J.A.C. 12:20-3.1(i).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0526-24